UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MATTHEW S. BERNARD | : | DOCKET NO. 2:05-cv-547<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| FEDERAL BUREAU OF PRISONS | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Matthew S. Bernard, pursuant to 28 U.S.C. § 2241. By this petition, the petitioner seeks to have the court issue an injunction prohibiting the Bureau of Prisons (BOP) from enforcing the current Inmate Financial Responsibility Program (IFRP) contract and requiring the BOP to reinstate the original contract. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in the United States District Court for the Middle District of Louisiana. For this offense, he was sentenced to 33 months imprisonment to be followed by a 3 year term of supervised release and a fine of $3000. *See United States v. Bernard*, 3:00-cr-00067 (M.D. La.).

Petitioner is currently confined at the Federal Correctional Institute in Oakdale, Louisiana where he enrolled in the IFRP on February 19, 2003 by signing "Inmate Financial Contract" wherein he agreed to pay $30.00 per quarter towards his court-imposed fine. These payments were to begin

in June, 2003. However, on March 18, 2003, BOP officials presented him with a new contract which increased his payment to $108.00 per quarter beginning in June, 2003. This increased amount was apparently based upon non-institutional funds deposited into the petitioner's account by family members.[1] He signed this new contract, however, he claims that he did so under duress and to avoid the retaliatory consequences of refusing to sign the contract. Accordingly, he claims that the second contract is invalid.

The petitioner states that his monthly income is $16.40 and that, consequently, he has insufficient income to make a $108.00 payment every three months.

On March 27, 2003, the petitioner filed a civil action in this court challenging the authority of the BOP to set the payment amount to and include community funds, i.e. money sent to him by his family, in its calculation. He claimed that by setting the amount of payments under the IFRP, the BOP is exercising authority which is vested exclusively with sentencing court. Thus, he sought to have the court enjoin the BOP from enforcing the new contract which took the community funds into consideration and to re-instate the initial contract which set his payment amount at $30.00 per quarter. In that action, the petitioner admitted that he had not exhausted the available administrative remedies, but claimed that it would be futile to do so. Finding that exhaustion of the available administrative remedies was necessary whether the civil action was construed as a *habeas* petition or a civil rights action, the court dismissed that action without prejudice. *See Bernard v. BOP*, 2:03-cv-590 (W.D. La.).

Following the dismissal of the prior civil action, the petitioner presented his claim to the

---

[1] In calculating the IFRP payment of $108 per quarter, the BOP considered the total funds deposited into petitioner's Inmate Trust Account for the previous six months ($1692.02), minus the $450 ITS exclusion and any IFRP payments made during the previous six months. *See* Petitioner's Exhibit J.

BOP, and has now exhausted all available administrative remedies. He filed this petition on April 27, 2005. In his petition, he challenges the BOP's authority to enforce the current contract which he contends is invalid because he signed it under duress. He seeks to have the court (1) enjoin the BOP from enforcing the current IFRP contract which requires quarterly payments of $108; (2) order the BOP to reinstate the original contract which required a quarterly payment of $30; and (3) order the BOP to reimburse him the $624 which was paid under the "invalid" second contract.[2]

## LAW AND ANALYSIS

Generally a person sentenced to pay a fine is required to begin making immediate payments in satisfaction of that fine, unless the sentencing court orders payment on a certain date or in installments. 18 U.S.C. §3572(d)(1). The BOP employs the IFRP to ensure that inmates make good-faith progress towards satisfying court-ordered obligations. 28 CFR §545.10, *et seq.*. It is this action of the BOP which Petitioner challenges as exceeding its authority.

A federal court cannot delegate its sentencing authority and must set the amount and timing of restitution or fine payments. 18 U.S.C. §3572(d). When a federal sentencing court does not provide for payment on a specific date or in installments, the payment is deemed by statute to be immediately due. *Id.* Because immediate payment in full is often not possible, in order to ensure that an inmate makes good-faith progress toward satisfying his court-ordered obligation, the BOP employs its authority under the IFRP to administer the collection of court-ordered obligations by establishing a payment plan for the inmate. 28 CFR §§545.10, 545.11. The Fifth Circuit has not addressed the constitutionality of the BOP's IFRP. However, those circuit courts which have done

---

[2] Petitioner's request for a refund in the amount of $624 represents the difference between what he has actually paid since June, 2003 pursuant to the current IFRP contract ($864) and the amount he claims should have been paid ($240).

3

so have held that the IFRP is constitutional and does not intrude on a federal court's sentencing authority. *See McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1999); *Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998); *United States v. Gomez*, 24 F.3d 924 (7th Cir. 1994); *Dorman v. Thornburgh*, 955 F.2d 57 (D.C. Cir. 1992); *Johnpoll v. Thornburgh*, 898 F.2d 849 (2nd Cir. 1990); *James v. Quinlan*, 866 F.2d 627 (3rd Cir. 1989); *United States v. Williams*, 996 F.2d 231 (10th Cir. 1993)(restitution payments can be satisfied through IFRP); *see also Schmidt v. U.S. Department of Justice, et al.*, 2:00-cv-1765 (W.D. La., 2001), affirmed *Schmidt v. DOJ*, 34 Fed.Appx. 151 (Table) (5th Cir. 2002). A payment plan developed by the BOP does not conflict with the sentencing court's immediate payment order and does not infringe on the court's sentencing authority. *McGhee*, 166 F.3d at 886; *Schmidt, supra.*

As part of the initial classification process, the BOP assists inmates in developing a financial plan for meeting their financial obligations, including special assessments, court-ordered restitution, and fines. 28 CFR §§545.10, 545.11. In the development of a payment plan, the BOP is permitted to consider both institutional resources and non-institutional (community) resources. 28 CFR §545.11(b). Although the participation in the IFRP is considered voluntary, an inmate's refusal to participate will result in negative consequences to the inmate. Title 28 CFR §545.11(d) describes the effects on non-participation as follows:

> Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily shall result in the following:
> (1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate;
> (2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);
> (3) The inmate will not receive performance pay above the maintenance level, or bonus pay, or vacation pay;
> (4) The inmate will not be assigned to any work detail outside the

(5)     secure perimeter of the facility;
(5)     The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require the approval of the Warden;
(6)     The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates . . .;
(7)     The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);
(8)     The inmate will not be placed in a community-based program;
(9)     The inmate will not receive a release gratuity unless approved by the Warden;
(10)    [Reserved];
(11)    The inmate will not receive an incentive for participation in residential drug treatment programs.

Participation in the program has been determined to be "reasonably related to a legitimate governmental objective of rehabilitation" and not violative of an inmate's due process rights. *Johnpoll*, 898 F.2d at 851. Inmates are free to not participate in the IFRP although their refusal to participate is not without consequences. *see* 28 CFR § 545.11(d); *see also Durham v. Hood*, 2005 WL 1694052 (10th Cir. 2005). However, inmates have no cognizable constitutional interest in their custodial classifications, specific prison jobs, favorable housing assignments, unlimited commissary spending, release gratuities, eligibility for rehabilitation programs, or any of the other privileges which may be revoked as a result of non-participation. *See Hutto v. Finney*, 98 S.Ct. 2565 (1978); *Meachum v. Fano*, 96 S.Ct. 2532 (1976); *Moody v. Daggett*, 97 S.Ct. 274 (1976); *Bulger v. U.S. BOP*, 65 F.3d 48, 49 (5th Cir. 1995); *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). Inmates are, therefore, not entitled to due process protections against the threatened loss of a prison job or facility placement for their failure to comply with IFRP requirements. *See James,* 866 F.2d

at 630; *Williams v. Farrior*, 334 F.Supp.2d 898, 904 (ED Va. 2004).

The court finds that the BOP's unilateral decision to increase the petitioner's payment amount under the IFRP and to consider non-institutional (community) resources in its calculation of that payment are both expressly permitted by the IFRP. *See McGhee*, 166 F.3d at 887; *Mujahid v. Crabtree*, 999 F.Supp. 1398, 1400 (D. Or. 1998); *see also Silva v. Bureau of Prisons*, 2004 WL 1553471 (N.D. Tex. 2004)(prisoner is unable to state a breach of contract claim against the BOP for the unilateral decision to increase payment or to consider community funds). Additionally, the sanctions imposed by the BOP for non-participation and/or non-compliance are fully consistent with its authority to administer the IFRP and to provide for the rehabilitation and reformation of inmates. *See Phillips v. Booker*, 76 F.Supp.2d 1183, 1193 (D.Kan. 1999); *Solis v. Menifee*, 2000 WL 1401633 (S.D.N.Y. 2000); *Johnpoll*, 898 F.2d at 851; *Durham v. Hood*, 2005 WL 1694052 (10th Cir. 2005). 28 CFR §0.96(o); 18 U.S.C. §4001; *see also* 18 U.S.C. §4042(a)(1), (3).

For these reasons, the court finds that the BOP is not exceeding its authority by developing a financial plan under the IFRP for the payment of court-ordered obligations which includes both institutional and community resources. Further, petitioner's decision to participate in the IFRP in order to avoid the consequences for non-participation did not render the contract invalid or non-voluntary. Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of July, 2005.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE