RECEIVED
IN LAKE CHARLES, LA

NOV - 8 2005

ROBE' H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MATTHEW S. BERNARD | : | DOCKET NO. 2:05-cv-547 |
| --- | --- | --- |
| VS. | : | JUDGE MINALDI |
| FEDERAL BUREAU OF PRISONS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

This suit stems from inmate MATTHEW S. BERNARD's complaint that the Federal Bureau of Prisons (the "BOP") unlawfully threatened him with sanctions if he did not agree to adjust his contributions to the Inmate Financial Responsibility Program to reflect the amount that it claims he should be paying under the program guidelines.

Mr. Bernard has filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 [doc. 3], a "Motion for Temporary Restraining Order and Preliminary Injunction" [doc. 6] and an accompanying motion entitled "Emergency Disposition on the Motion for Temporary Restraining Order and Preliminary Injunction" [doc. 7] (the "TRO Motions"). Both the Petition and the TRO Motions were referred to Magistrate Judge Wilson for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B). The magistrate judge has since recommended that Mr. Bernard's TRO Motions be denied and his Petition for writ of *habeas corpus* be denied and dismissed with prejudice. Contemporaneous with the issuance of this Order, this Court also issued judgments affirming the findings of the magistrate judge and

disposing of Mr. Bernard's case.

On October 19, 2005 Mr. Bernard filed a "Motion to Expand the Record" in which he raises issues not properly before the Court at this time. Furthermore, to the extent that Mr. Bernard relies on language included within this Court's August 14, 2003 dismissal of his previously filed suit, that Judgment did not address the merits of Mr. Bernard's case and, therefore, is not binding on this Court. Contrary to Mr. Bernard's assertion, 28 C.F.R. 545.11(b) expressly permits BOP staff to unilaterally accelerate or increase an inmate's payments, and to consider funds obtained from outside sources as available resources in determining the appropriate payment due under the Inmate Financial Responsibility Program ("IFRP"). In addition, the IFRP has been uniformly upheld by courts against constitutional attack as . *See e.g. McGhee v. Clark,* 166 F.3d 884, 886 -887 (C.A.7 (Ind.),1999); *Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir.), *cert. denied,* 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990), "the IFRP program serves valid penalogical interests and is fully consistent with the BOP's authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *See also James v. Quinlan,* 866 F.2d 627, 630 (3d Cir.), *cert. denied,* 493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989).

For these reasons and the reasons provided in Magistrate Judge Wilson's Reports and Recommendations, Mr. Bernard's Motion to Expand the Record is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _8_ day of __Nov__, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT